*1224
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, J. Maurice Thomas, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public.
 
 In re: Thomas,
 
 07-1720 (La.8/23/07), 962 So.2d 1074.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 The ODC filed three separate sets of formal charges against respondent, consisting of a total of eight counts of misconduct. Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein wei'e deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration in any of the three matters.
 

 The formal charges were considered by separate hearing committees, then consoli
 
 *1225
 
 dated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing all three sets of formal charges.
 

 |
 
 <¿06-08-003
 

 Count I
 

 In March 2004, Willie Tate, Jr. hired respondent to represent him in two separate legal matters, both of which would prescribe in August 2004. Mr. Tate paid respondent $170 in advanced filing fees. Respondent prepared the two petitions and fax filed each petition on the applicable prescription date; however, he failed to file the original petitions or pay the filing fees. Respondent did not refund the filing fees to Mr. Tate. He also failed to communicate with Mr. Tate, despite Mr. Tate’s efforts to call and visit respondent’s office.
 

 In March 2005, Mr. Tate filed a complaint against respondent with the ODC. Although respondent personally signed for the notice of the complaint, he failed to respond. Thereafter, the ODC attempted, without success, to serve respondent with a subpoena to obtain his sworn statement.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (failure to refund an unearned fee), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
 

 Coirnt II
 

 In August 2004, Jack Loupe, M.D. examined one of respondent’s clients. Respondent provided Dr. Loupe with a written guarantee of payment of his services. Despite the guarantee and Dr. Loupe’s repeated requests for payment, respondent failed to pay the $260 fee.
 

 |3In January 2005, Dr. Loupe filed a complaint against respondent with the ODC. Although respondent personally signed for the notice of the complaint, he failed to respond. Thereafter, the ODC attempted, without success, to serve respondent with a subpoena to obtain his sworn statement.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(d) (safekeeping property of clients or third parties), 8.1(c), 8.4(a), and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
 

 Count III
 

 In 2003, Jeanne Bossley hired respondent to represent her in a workers’ compensation matter and a discrimination matter. Respondent prepared and fax filed a petition in the discrimination matter. However, he failed to file the original petition or pay the filing fees. Nonetheless, he informed Ms. Bossley that he had timely filed the lawsuit. Respondent failed to diligently pursue either matter and failed to communicate with Ms. Bossley regarding either matter.
 

 In May 2005, Ms. Bossley filed a complaint against respondent with the ODC. Although respondent personally signed for the notice of the complaint, he failed to respond. Thereafter, the ODC attempted, without success, to serve respondent with a subpoena to obtain his sworn statement.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 8.1(c), 8.4(a), 8.4(c), and 8.4(d).
 

 
 *1226
 

 |¿Count IV
 

 In September 2004, Jessie Marie Jones hired respondent to represent her in a personal injury matter. Thereafter, respondent neglected the matter and failed to communicate with Ms. Jones.
 

 In July 2005, Ms. Jones filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3.1.4, 8.1(c), and 8.4(a).
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission in 06-DB-003, the hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. The committee also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges except in Count III, the Bossley matter, wherein the committee failed to find a violation of Rules 1.3 and 1.4.
 

 The committee determined that respondent knowingly, if not intentionally, violated the duties owed to his clients, the legal system, and the legal profession. The committee also determined that respondent’s misconduct caused actual injury to his clients and to third parties. His misconduct caused actual and/or potential injury to the legal profession. Finally, respondent’s failure to cooperate with the ODC has taxed its limited resources. Relying on this court’s prior jurisprudence, the committee determined that the baseline sanction for a single count of neglect, failure to communicate, and failure to properly withdraw from the representation of a client is a one-year suspension.
 

 | ¿The committee found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and indifference to making restitution. The committee found the following mitigating factors present: absence of a prior disciplinary record and inexperience in the practice of law (admitted 2001).
 

 Considering the aggravating factors, mitigating factors, and the court’s prior jurisprudence involving similar misconduct, the committee recommended that respondent be suspended from the practice of law for eighteen months. The committee further recommended that respondent be ordered to pay restitution to Mr. Tate in the amount of $170, to Dr. Loupe in the amount of $260, and to Ms. Bossley in the amount of $500.
 
 [1]
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 07-DB-029
 

 Ernestine Green retained respondent to represent her in a personal injury matter. In January 2006, respondent faxed a letter of representation to Liberty Mutual Insurance Company advising of his representation of Ms. Green. Respondent engaged in settlement negotiations with Liberty Mutual and settled the matter in March 2006 for $7,788. Upon receipt of the settlement check, respondent obtained all
 
 *1227
 
 necessary endorsements, negotiated the check, and disbursed the funds. Thereafter, Liberty Mutual discovered that respondent had been ineligible to practice | Klaw for failing to fulfill his professional obligations during the time he was representing Ms. Green. Specifically, respondent was declared ineligible to practice law on October 31, 2005 for failing to pay his bar dues and the disciplinary assessment. He was declared ineligible on July 27, 2006 for failing to comply with the mandatory continuing legal education requirements.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with mandatory continuing legal education requirements), 5.5(a) (engaging in the unauthorized practice of law), and 8.4(a).
 

 07-DB-061
 

 Count 1
 

 On several occasions between May 2007 and August 2007, respondent’s client trust account had a negative balance. Consequently, several debits to the account could not be processed due to insufficient funds. The ODC attempted to contact respondent regarding this matter but was unsuccessful, as his whereabouts are unknown.
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c), 8.4(a), and 8.4(c).
 

 Count II
 

 Each lawyer licensed to practice law in Louisiana is required to file an annual registration statement with the Louisiana State Bar Association (LSBA), pursuant to Supreme Court Rule XIX, § 8(C).
 
 [2]
 
 On the form filed by respondent, he registered |7112 Oriole Street in Baton Rouge as his primary and secondary registration statement address, as well as his preferred mailing address; however, 112 Oriole Street is a non-existent address. Respondent’s current whereabouts are unknown to the ODC, and his registered telephone number is a non-working number. By registering a non-existent address with the LSBA and by failing to update his registration information in a timely fashion, respondent has violated Rule XIX, § 8(C).
 

 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) and 8.4(d).
 

 Count III
 

 Respondent maintains a trust account with Chase Bank. He has failed to register this trust account with the ODC or provide the ODC with a copy of his overdraft notification agreement with Chase Bank as required by Supreme Court Rule XIX, § 28(D).
 
 [3]
 
 Accordingly, he is in violation of Rule XIX, § 28(D).
 

 
 *1228
 
 |gThe ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) and 8.4(d).
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission in 07-DB-029 and 07-DB-061, the hearing committee determined that the factual allegations in both sets of formal charges have been deemed admitted and proven by clear and convincing evidence. The committee also determined that respondent violated the Rules of Professional Conduct as alleged in both sets of formal charges.
 

 The committee determined that respondent knowingly violated duties owed to his client and the legal profession, causing potential, if not actual, harm to his client. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that the baseline sanction is a suspension.
 

 In aggravation, the committee found a pattern of misconduct, multiple offenses, and refusal to acknowledge the wrongful nature of the conduct. In mitigation, the committee found that respondent has no prior disciplinary record.
 

 |flBased on these determinations, the committee recommended that respondent be suspended from the practice of law for one year and one day, followed by twelve months of supervised probation.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommended sanction.
 

 Disciplinary Board Recommendation
 

 06-DB-003, 07-DB-029 & 07-DB-061
 

 After reviewing these consolidated matters, the disciplinary board found that the factual findings of the hearing committees are supported by the deemed admitted factual allegations and/or by the evidence submitted in support of the allegations. Respondent neglected three legal cases, failed to pay Dr. Loupe for services rendered to his client, practiced law while ineligible to do so, failed to properly safeguard client funds, and failed to provide proper information to the LSBA and the ODC regarding his lawyer registration statement and trust account. The board also determined that respondent violated the Rules of Professional Conduct as alleged in the three sets of formal charges, with the exception of Rule 1.15(d) in connection with Count II of 06-DB-003, the Loupe matter,
 
 [4]
 
 and Rule 8.4(d) in connec
 
 *1229
 
 tion with Count III of 06-DB-003, the Bossley matter, which the board found were not violated.
 

 Based on these findings, the board determined that respondent violated duties owed to his clients, the legal system, and the legal profession. He acted knowingly and intentionally, causing harm to his clients, a third-party medical provider, and the | ^disciplinary system. Relying on the ABA’s
 
 Standards for Imposing Laimjer Sanctions,
 
 the board determined that the baseline sanction is a suspension.
 

 The board found the following aggravating factors present: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victim, and indifference to making restitution. In mitigation, the board found the following factors: absence of a prior disciplinary record and inexperience in the practice of law.
 

 After reviewing numerous cases involving similar misconduct, the board recommended that respondent be suspended from the practice of law for three years. The board also recommended that respondent be ordered to pay restitution as follows: $170 to Willie Tate, Jr.; $260 to Dr. Jack Loupe; and $500 to Jeanne Bossley.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations || [Contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Dorman,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts in this consolidated matter indicate that respondent neglected legal matters, failed to communicate with clients, failed to refund unused costs, failed to pay a third-party medical provider despite signing a guarantee of payment, misrepresented the status of a case to a client, practiced law while ineligible to do so, allowed his trust account to become overdrawn, failed to file a proper registration statement with the Louisiana State Bar Association, failed to register his trust account with the ODC, and failed to cooperate with the ODC in its investigation. With the exception of the Rule 1.15(d) allegation properly rejected by the board as to Count II of 06-DB-003, this conduct violates the Rules of Professional Conduct as alleged in the formal charges.
 

 
 *1230
 
 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and 112mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the legal profession. His misconduct caused harm to his clients, the legal system, the legal profession, and a third-party medical provider. A review of the ABA’s
 
 Standards for Imposing Lawyer Sanctions
 
 indicates that the baseline sanction for respondent’s misconduct is a period of suspension.
 

 The record supports the following aggravating factors: a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and indifference to making restitution. Mitigating factors present are the absence of a prior disciplinary record and inexperience in the practice of law.
 

 Turning to the issue of an appropriate sanction, our prior jurisprudence involving misconduct similar to respondent’s indicates that a lengthy suspension is appropriate. In
 
 In re: Melton,
 
 03-0516 (La.5/30/03), 848 So.2d 519, we imposed a three-year suspension upon an attorney who neglected legal matters, failed to refund unearned fees, made false statements of material fact or law to a tribunal, was found guilty of contempt, practiced law while ineligible to do so, and failed to cooperate with the ODC in its investigations. In
 
 In re: Brown,
 
 04-1119 (La.1/14/05), 892 So.2d 1, we imposed a three-year suspension upon an attorney who neglected the legal matters of five clients, failed to communicate with his clients, failed to return unearned legal fees, failed to safeguard a client’s property, resulting in damage to the property, and failed to cooperate with the ODC in its investigations. Finally, in
 
 In re: Demoruelle,
 
 08-2356 (La.4/24/09), 9 So.3d 94, we imposed a two-year | ^suspension upon an attorney who neglected a legal matter, failed to communicate with a client, failed to account for or refund an unearned fee, and as trustee of a client’s trust, failed to maintain adequate accounting records for the trust, failed to keep his client informed about the financial status of the trust, failed to obtain approval of the fee he charged as compensation for his duties as trustee, and allowed his professional judgment to be compromised by the requests of other parties.
 

 Considering the record as a whole, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for three years, retroactive to his August 23, 2007 interim suspension. We will also order respondent to pay restitution as indicated by the board.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committees and the disciplinary board, and considering the record, it is ordered that J. Maurice Thomas, Louisiana Bar Roll number 27307, be and he hereby is suspended from the practice of law for three years, retroactive to
 
 *1231
 
 his August 23, 2007 interim suspension. It is further ordered that respondent pay restitution to Willie Tate, Jr. in the amount of $170, to Dr. Jack Loupe in the amount of $260, and to Jeanne Bossley in the amount of $500. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . Because of respondent's failure to answer the defendant's discovery in the workers’ compensation matter, the judge ordered Ms. Bossley to pay $500 to the defendant’s attorney.
 

 [2]
 

 . Supreme Court Rule XIX, § 8(C) provides in pertinent part as follows:
 

 C. Registration Statement. Each lawyer required by this rule to pay an annual fee shall, on or before July 1st of each year, file with the Louisiana State Bar Association a registration statement on a form approved by the court. The lawyer shall include an office and residence address on the registration statement, and shall designate either his/her office or residence address as a primary registration statement address. The other address shall be designated as the lawyer's secondary address. The lawyer's primary registration statement address, and the secondary registration statement address, shall each be a physical address and not a post office box. A lawyer may choose either the primary or secondary registration statement address as his/her preferred mailing address, or may designate a third address for this purpose....
 

 Each lawyer shall thereafter file with the Louisiana State Bar Association any change in the information previously submitted within thirty days 'of the change....
 

 [3]
 

 . Supreme Court Rule XIX, § 28(D) provides:
 

 
 *1228
 
 D. Overdraft Notification. Any lawyer or law firm maintaining a client trust or escrow account in accordance with this rule and Rule 1.15 of the Louisiana Rules of Professional Conduct shall execute an agreement with the federally-insured financial institution or its affiliate that holds the attorney’s trust or escrow account funds. The agreement shall authorize the financial institution to provide written or electronic notification to the Office of Disciplinary Counsel of any overdraft on such accounts). Notification of trust or escrow account overdrafts shall be made in accordance with the written agreement between the federally-insured financial institution and the attorney or law firm and in accordance with La. R.S. 6:332 and La. R.S. 6:333(F)(16).
 

 Every lawyer practicing or admitted to practice in Louisiana shall, as a condition thereof, be conclusively deemed to have consented to the overdraft provisions mandated by this rule.
 

 A copy of the executed agreement shall be forwarded to the Office of Disciplinary Counsel within thirty (30) days of its execution. A Court-approved overdraft notification agreement that attorneys and federally-insured financial institutions and their affiliates shall utilize is included as Appendix F to these rules.
 

 [4]
 

 . The board noted that although respondent clearly failed to honor his written guarantee to pay Dr. Loupe’s bill, there is no evidence that respondent had received any funds on behalf of his client which he was obligated to
 
 *1229
 
 turn over to Dr. Loupe in accordance with Rule 1.15(d).